James E. Magleby (Utah Bar No. 7247)
Yevgen Kovalov (Utah Bar No. 16297)
MAGLEBY CATAXINOS &
GREENWOOD, PC
141 W. Pierpont Avenue
Salt Lake City, Utah  84101-3605
Telephone: (801) 359-9000
Email:  magleby@mcg.law
         kovalov@mcg.law

*Counsel for Plaintiffs Daniel Chappell,
Masen Christensen and John Oaks*

*Additional counsel listed on Signature Page*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IN RE: THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS TITHING LITIGATION<br><br>*This document relates to all actions* | **Plaintiffs' Submission Regarding Proposed Scheduling Order**<br><br>Case No. 2:24-md-03102-RJS-DAO<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

As directed by the Court's April 24, 2024 Order (MDL Dkt. 9), Plaintiffs in the Member Cases hereby propose the following Case Management Order.

## I. PLAINTIFFS' PRELIMINARY STATEMENT REGARDING THE COMMENCEMENT OF DISCOVERY

Discovery should commence once Plaintiffs' Interim Leadership Appointments are approved and they file their Consolidated Class Action Complaint. District courts enjoy broad discretion in determining whether a stay is necessary. *Cole v. Ruidoso Municipal Schools*, 43 F.3d 1373 (10th Cir.1994).  However, stays during the pendency of a motion to dismiss are disfavored unless the party seeking the stay can make a strong showing of necessity that failing to do so would severely affect the rights of others. *Commodity Futures Trading Comm'n v.*

*Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). "Defendants are always burdened when they are sued," but the "ordinary burdens associated with litigating a case do not constitute undue burden." *LS3 Inc. v. Cherokee Fed. Sols., L.L.C.*, 2021 WL 4947284, at *4 (D. Colo. Aug. 26, 2021).

While the Tenth Circuit has analogized church autonomy defenses to qualified immunity defenses, it has also recognized that "the doctrines and their inquiries are quite different, as are the reasons for addressing them early in the litigation process." *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 654 (10th Cir. 2002). Accordingly, the Tenth Circuit does not obligate courts to grant blanket stays of discovery any time a defendant moves to dismiss under qualified immunity. *Cole*, 43 F.3d at 1387. Such caution limits stays in cases where qualified immunity is asserted, including where limited discovery is necessary to resolve the motion to dismiss, *id.*, where not all defendants are entitled to assert a qualified immunity defense, or where plaintiffs seek equitable relief. *Rome v. Romero*, 225 F.R.D. 640, 644 (D. Colo. 2004).

II.   **SCHEDULE**

All Plaintiffs in the member cases have agreed to a leadership structure for counsel that modifies slightly the appointment of Interim Class Counsel and Interim Liaison Counsel entered in *Chappell,* and will be submitting this proposed structure to the Court for approval. With a formal leadership structure, Plaintiffs anticipate submitting their Consolidated Class Action Complaint within 45 days of the Case Management Conference. Plaintiffs further propose that any response to the Consolidated Class Action Complaint be filed by Defendants within 60 days, oppositions by Plaintiffs to any dispositive motions be filed 60 days later, and any replies by Defendants be filed 30 days after such oppositions.

In addition, Plaintiffs respectfully request that the following schedule and terms govern:

| a. | | Fed. R. Civ. P. 26(f)(1) Conference: *(date the conference was held)* | May 20 and 22, 2024 |
|---|---|---|---|
| b. | | Participants: *(include the name of the party and attorney, if applicable)*<br><br>*Plaintiffs  - Scott George, James Magleby, Steven Schwartz, Frazar Thomas, Martin Woodward, and Beena McDonald*<br><br>*Defendants - David Jordan, Mark Mester, Wes Harward* | |
| c. | | Fed. R. Civ. P 26(a)(1) Initial Disclosures: *(the parties will exchange no later than the date provided)* | 30 Days After the Consolidated Class Action Complaint is Filed by Plaintiffs |
| d. | | Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email transmission.<br><br>Electronic service constitutes notice and service as required by those rules. The right to service by USPS mail is waived. | Yes ☒ | No ☐ |

### III. PROTECTIVE ORDER

| a. | | The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential. | Yes ☒ | No ☐ |
|---|---|---|---|---|
| b. | | If the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2:<br><br>*The litigation involves documents, information, and other materials, including sensitive financial and business information, that the Parties are expecting to produce and deem confidential in nature.* | | |
| c. | | If a protective order is needed and the parties **are not** using the court's SPO, then the court's SPO, in effect under DUCivR 26-2, will govern until a different protective order—proposed by the parties via motion under DUCivR 7-1(a)(4)(D)—is adopted by the court.<br><br>The parties' proposed protective order should identify a process to resolve all claims of waiver of attorney-client privilege or work-product protection, | | |

|   |   |   |
|---|---|---|
|   |   | whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must be included in the proposed protective order under Fed. R. Evid. 502(d):<br><br>*The Parties will be conferring about the terms and scope of a proposed Protective Order, including the process set forth here.*<br><br>*The parties have agreed to address ESI and protective order issues during the next 60 days.* |
| d. |   | If the parties do not anticipate the case will involve the disclosure of information, documents, or the materials that will be designated as CONFIDENTIAL, the parties still should identify, in the space below, a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must also be included in the proposed Scheduling Order:<br><br>*The parties plan to negotiate a protective order.* |

### IV. DISCOVERY PLAN

| | | | | |
|---|---|---|---|---|
| a. |   | Discovery Plan: The parties agree to the following discovery plan.<br>• If the parties disagree, clearly indicate the disagreement in the space below: | Yes ☐ | No ☒ |
| b. |   | Discovery Subjects:<br><br>*The Parties anticipate discovery into the following areas:*<br>• *Defendants' solicitation of donations, including representations made as to both need and disposition of such donations.*<br>• *Defendants' accounting for the collection, retention and disposition of donations.*<br>• *The establishment of Ensign Peak Advisors and its operations.*<br>• *Analyses of and investigations responses to any claims of misuse of donations by Defendants, including any whistleblower reports.*<br>• *Defendants' communications with governmental agencies regarding its solicitation, collection, retention, investment of, and accounting for donations, including any investigations by the SEC and IRS.*<br>• *Accounting and reporting documents compiled by or on behalf of Ensign Peak Advisors, including work papers and filings with governmental entities.* | | |

4

| c. | | Discovery Phases:<br>• Will discovery be conducted in phases? If so, please explain.<br><br>*Plaintiffs respectfully submit that discovery should not be phased between class and merits discovery. At class certification, Plaintiffs will be required to show, among other things, that questions common to all class members predominate over individual issues and that a class action is the superior means of adjudicating the controversy. Fed. Rules Civ. Pro. 23(b)(3). Such proofs cannot be cleanly separated from from merits discovery, but rather are enmeshed. See, e.g., Smith v. Lifevantage Corp., 2020 WL 1891886 (D. Utah, Mar. 16, 2020) (quoting Wal-Mart Stores, Inc. v. Dukes, 565 U.S. 338, 350-51 (2011)). As such, declining to phase discovery will expedite resolution on the merits and avoid derivative motion practice on the scope of discovery and such attendant delay.*<br><br>• Will discovery be limited to or focused on particular issues? If so, please explain and identify whether discovery will be accelerated on any issue and the due dates.<br><br>*Discovery will not be limited or focused on particular issues.* |
|---|---|---|
| d. | | Electronically Stored Information: (describe how the parties will handle discovery of electronically stored information)<br><br>*The parties have agreed to address ESI and protective order issues during the next 60 days.* |

## V. FACT DISCOVERY

| a. | | Fact Discovery Limitations— | |
|---|---|---|---|
| | 1. | Maximum number of depositions by Plaintiff: | 30 (excluding depositions of any experts) |
| | 2. | Maximum number of depositions by Defendant: | One of each plaintiff named in the Consolidated Class Action Complaint |
| | 3. | Maximum number of hours for each deposition: (*unless extended by agreement of parties*) | 7 |
| | 4. | Maximum interrogatories by any party to any party: | 50 by Plaintiffs to each Defendant<br><br>25 total as to each Plaintiff |
| | 5. | Maximum requests for admissions by any party to any party: | Plaintiffs do not believe that a numerical limitation on Requests for Admission is needed given the complexity of the issues |

5

| | | | |
|---|---|---|---|
| | | | raised in this litigation, and the potential efficiencies to be realized by properly framed Requests for Admission. However, each Party would reserve the right to challenge any set or sets of Requests for Admission as being improper, cumulative, oppressive, or otherwise improper. |
| | 6. | Maximum requests for production by any party to any party: | Plaintiffs do not believe that a numerical limitation on Requests for Production is needed given the complexity of the issues raised in this litigation. However, each Party would reserve the right to challenge any set or sets of Requests for Production as being improper, cumulative, oppressive, or otherwise improper. |
| b. | Other Fact Discovery Deadlines— | | |
| | 1. | Deadline to serve written discovery: | Initial sets of written discovery may be served 45 days after Plaintiffs file their Consolidated Class Action Complaint. |
| | 2. | Deadline for fact discovery to close: | Ten (10) months after Plaintiffs file their Consolidated Class Action Complaint |
| | 3. | Deadline for supplementation of disclosures and responses under Fed. R. Civ. P. 26(e): (*optional*) | Date to be Set |

## VI. AMENDING OF PLEADINGS AND JOINING OF PARTIES[1]

| | | | | |
|---|---|---|---|---|
| a. | Deadline to file a motion to amend pleadings— | | | |
| | 1. | Plaintiff: | | 60 days prior to the close of fact discovery |
| | 2. | Defendant: | | *n/a* |
| | | | | |
| b. | Deadline to file a motion to join additional parties— | | | |
| | 1. | Plaintiff: | | 60 days prior to the close of fact discovery |
| | 2. | Defendant: | | *60 days after Plaintiffs file their Consolidated Class Action Complaint* |

*Plaintiffs respectfully request that the focus of the pretrial schedule should run through the briefing of Plaintiffs' Motion for Class Certification. To that end:*

- *Plaintiffs serve their papers in support of class certification, and supporting expert reports, two (2) months after the close of fact discovery.*
- *Defendants serve their papers in opposition to Plaintiffs' Motion three (3) months after Plaintiffs' papers are served. (Plaintiffs will make their experts available for deposition during this period).*
- *Plaintiffs serve their papers in further support of their Motion three (3) months after Defendants' opposition papers are served. (Defendants will make their experts available for deposition during this period).*
- *The Parties will then serve <u>Daubert</u> motions as may be relevant to Class Certification one (1) month after the close of briefing on Plaintiffs' Motion with oppositions due one (1) month later, and replies in further support due one (1) month later.*

**In light of this schedule, Plaintiffs respectfully request that the remaining portions of the Standard Proposed Scheduling Order be Superseded by such a schedule, and that any further pretrial proceedings be set with consideration of *Lexecon v. Milberg Weiss*, 523 U.S. 26, 28 (1998).**

## VII. EXPERT DISCOVERY

| | | | | |
|---|---|---|---|---|
| a. | Filing of Notice of Designation required by DUCivR 26-1(a)(2)— | | | |
| | 1. | Parties bearing the burden of proof: | | *00/00/00* |
| | 2. | Parties not bearing the burden of proof: | | *00/00/00* |
| | | | | |

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

|   |   |   |   |
|---|---|---|---|
| b. | Service of Fed. R. Civ. P. 26(a)(2) Disclosures and Reports— | | |
|    | 1. | Parties bearing the burden of proof: | *00/00/00* |
|    | 2. | Parties not bearing the burden of proof: | *00/00/00* |
|    | 3. | Rebuttal reports, if any: | *00/00/00* |
|    |   |   |   |
| c. | Deadline for expert discovery to close: | | *00/00/00* |

7. **OTHER DEADLINES AND TRIAL-RELATED INFORMATION**[2]

|   |   |   |
|---|---|---|
| a. | Deadline for filing dispositive or potentially dispositive motions: *(including a motion to exclude experts when expert testimony is required to resolve the motion)* | *00/00/00* |
| b. | Deadline for filing a request for a scheduling conference for the purpose of setting a trial date if no dispositive motion are filed: | *00/00/00* |

May 23, 2024                Respectfully Submitted,

**MAGLEBY CATAXINOS & GREENWOOD, PC**

/s/ James E. Magleby
James E. Magleby
Yevgen Kovalov

**SEEGER WEISS LLP**
Christopher A. Seeger (*pro hac vice*)
Scott A. George (*pro hac vice*)
Frazar W. Thomas (*pro hac vice*)

**KITNER WOODWARD PLLC**
Scott A. Kitner (*pro hac vice*)
Martin D. Woodward (*pro hac vice*)

**CHIMICLES SCHWARTZ KRINER & DONLADSON-SMITH LLP**
Steven A. Schwartz (*pro hac vice* pending)
Beena M. McDonald (*pro hac vice* pending)
Marissa N. Pembroke (*pro hac vice* pending)

*Attorneys for Plaintiffs of the Member Cases*

---

[2] The court will enter the date in Section 7.b.

## CERTIFICATE OF SERVICE

On this 23rd day of May 2024, I hereby certify that I electronically filed the foregoing Plaintiffs' Submission Regarding Proposed Scheduling Order with the Clerk of Court using the CM/ECF system, which will send an electronic notification to counsel of record for all of the parties.

/s/ H. Evan Gibson