| | |
|---|---|
| James E. Magleby (7247)<br>magleby@mcpc.law<br>Yevgen Kovalov (16297)<br>kovalov@mcpc.law<br>**MAGLEBY CATAXINOS, PC**<br>141 W. Pierpont Avenue<br>Salt Lake City, Utah 84101-3605<br>Telephone: 801.359.9000 | Christopher A. Seeger (*pro hac vice*)<br>cseeger@seegerweiss.com<br>Scott A. George (*pro hac vice)*<br>sgeorge@seegerweiss.com<br>**SEEGER WEISS LLP**<br>55 Challenger Road, 6th Floor<br>Ridgefield Park, New Jersey 07660<br>Telephone: 973.639.9100 |
| Scott A. Kitner (*pro hac vice*)<br>scott@kitnerwoodward.com<br>Martin D. Woodward (*pro hac vice*)<br>martin@kitnerwoodward.com<br>**KITNER WOODWARD PLLC**<br>13101 Preston Road, Suite 110<br>Dallas, Texas 75240<br>Telephone: 214.443.4300 | Steven A. Schwartz (*pro hac vice*)<br>steveschwartz@chimicles.com<br>Beena M. McDonald (*pro hac vice*)<br>bmm@chimicles.com<br>**CHIMICLES SCHWARTZ KRINER &<br>DONALDSON-SMITH LLP**<br>361 West Lancaster Avenue<br>Haverford, Pennsylvania 19041<br>Telephone: (610) 642-8500 |

*Interim Liaison and Class Counsel*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IN RE: THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS TITHING LITIGATION<br><br>*This document relates to all actions.* | **OPPOSITION TO MOTION TO EXTEND TIME TO FILE PROPOSED ESI PROTOCOLS AND PROTECTIVE ORDERS**<br><br>Case No. 2:24-md-03102-RJS-DAO<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs, through their counsel, hereby oppose Defendants' Moton to Extend Time to File Proposed ESI Protocols and Protective Orders ("Motion").

On August 9, 2024, Defendants first sought a stay of discovery (including an ESI Protocol and Protective Order) arguing at length their assertion that the First Amendment precludes Plaintiffs' claims and otherwise injects complexity into this litigation. ECF No. 68

*passim*.  To be sure, the Court granted that motion and stayed discovery on September 30, 2024, but in so doing the Court expressly carved out the "matters specifically addressed in the court's Case Management Order" (ECF No. 105 at 9, n. 43), including that the "Parties shall file a stipulated proposed protective order and ESI protocol, or if they cannot agree, individual proposed protective orders and ESI protocols, no later than Monday, July 29, 2024."  ECF No. 60 at 2.

Since the entry of that order, the Parties continued to negotiate the terms of a Protective Order and ESI Protocol, even as the briefing of Defendants' Motions to Dismiss and Motion to Strike Class Allegations was underway, and even as they prepared for the hearing of these motions, including Defendants' unopposed request that the date of the hearing be postponed. ECF No. 116.

To facilitate these ongoing negotiations, the Parties sought, and the Court approved, several extensions to the deadline for the submission of a Protective Order and ESI Protocol.  *See* ECF Nos. 67, 73, 97, 107, 123, 138.  As a result of these continuing efforts, the Parties have reached an agreement on all but three aspects of a Protective Order and were preparing a joint submission to the Court to receive guidance regarding these three disputes.  Indeed, on January 9, 2025, Plaintiffs sent a draft joint submission to Defendants with their position statements related to each dispute.  All that is required is for Defendants to add their position statement, and the Parties to finalize the joint submission to the Court.

While the ESI Protocol is not yet ripe for submission to the Court, or for guidance on points that may remain in dispute, the Parties have made progress on this document as well. When efforts to work from the protocol initially proposed by Plaintiffs proved fruitless, Plaintiffs acceded to Defendants' request to start negotiations from a protocol Defendants put forward.  To

be sure, there may be some disputes that cannot be resolved, but Plaintiffs have yet to receive from Defendants a detailed response from their first round of revisions to Defendants' draft protocol.

Through their Motion, Defendants seek to stop the further development of these two documents in its tracks. To support their Motion, Defendants confuse the kinds of disputes that may arise *after* Plaintiffs are permitted to serve requests for documents under Rule 34 with the negotiation and entry of an ESI Protocol and Protective Order which are effectively neutral as to *what* will be produced. The ESI Protocol will govern the format of production and the general contours of how electronically stored information will be collected. The Protective Order will govern how documents can be designated for protection and to whom such documents can be shared.

Neither the Protective Order nor the ESI Protocol involves, as Defendants argue to support their Motion, *what* will be collected and *whether* any protections under the First Amendment may preclude production of any particular document or collection from any particular document repository. Rather, the Protective Order and ESI Protocol only relate to *how* documents will be collected, produced, and made available for review.

Defendants present their Motion as one seeking to modify a Rule 16 Scheduling Order for "good cause." However, there is no Rule 16 Scheduling Order in place. Rather, Defendants seek reconsideration of the Court's grant of Defendants' Motion to Stay. A motion for reconsideration should only be granted "in exceptional circumstances." *Kesler v. Countrywide Home Loans*, No. 2:18-CV-469, 2019 WL 12026838, at *1 (D. Utah Apr. 22, 2019) (Shelby, J.) (quoting *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)). Such circumstances are not found here. There is no "new evidence, an intervening

change in the controlling law, or the need to correct clear error or prevent manifest injustice." *King v. IC Grp., Inc.*, --- F.Supp.3d ---, 2024 WL 3639906, at *2 (D. Utah Aug. 2, 2024) (Shelby, J.). Rather, Defendants only repackage the arguments they initially put forward for a blanket stay.

The Court already decided to require negotiation of a Protective Order and ESI Protocol. With these two orders in place, once discovery commences, it can proceed without any further delay.

Accordingly, Plaintiffs respectfully request that the Motion to Extend Time to File Proposed ESI Protocols and Protective Orders be denied.

Dated:  February 18, 2025

Respectfully submitted,

**MAGLEBY CATAXINOS, PC**

*/s/ James E. Magleby*
James E. Magleby
Yevgen Kovalov

***Interim Liaison Counsel***

**SEEGER WEISS LLP**
Christopher A. Seeger (*pro hac vice*)
Scott Alan George (*pro hac vice*)
Frazar W. Thomas (*pro hac vice*)

**KITNER WOODWARD PLLC**
Scott A. Kitner (*pro hac vice*)
Martin Woodward (*pro hac vice*)

**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
Steven A. Schwartz (*pro hac vice*)
Beena M. McDonald (*pro hac vice*)

***Interim Class Counsel***

## CERTIFICATE OF SERVICE

On this 18th day of February 2025, I hereby certify that I electronically filed the foregoing OPPOSITION TO MOTION TO EXTEND TIME TO FILE PROPOSED ESI PROTOCOLS AND PROTECTIVE ORDERS with the Clerk of the Court using the CM/ECF system, which will send an electronic notification to counsel of record for all the parties.

/s/ H. Evan Gibson